772

22 C. C. P. A. (Patents)

## In re LUKE et al.

### Patent Appeal No. 3509.

Court of Customs and Patent Appeals.
June 3, 1935.

' Lester G. Budlong, of New York City (Elmer Stewart, of Washington, D. C., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This appeal is concerned with an alleged invention which involves · spraying toasted ready-to-eat cereal food with a yeast-containing fluid.

The Primary Examiner of the United States Patent Office rejected all the claims, three in number, on the ground that they did not define invention over the prior art cited. From a decision of the Board of Appeals, affirming the decision of the examiner, appeal has been taken here.

The references relied upon are:

Thompson (British), 10,927, June 15, 1900.

Lauhoff, 901,455, October 20, 1908.

Reader (British), 22,894, March 21, 1912.

McKay, 1,388,873, August 30, 1921.

Travis et al. (British), 195,343, complete not acc., application date, June 23, 1922.

Hoffman, 1,579,447, April 6, 1926.

Steenbock, 1,680,818, August 14, 1928.

MacLean (British), 295,757, August 23, 1928.

Dass, 1,708,914, April 9, 1929.

Placak, 1,764,085, June 17, 1930.

Steenbock, 1,871,135, August 9, 1932.

"Vital Factors of Foods"—Ellis & MacLeod, D. Van Nostrand Co., New York, 1922, pp. 77, 81, and 148.

Claim 1 is illustrative of the claims on appeal and follows: "1. In the method of preparing a toasted ready-to-eat cereal food, the steps comprising treating particles of toasted cereal with yeast and drying the particles while maintaining them at a temperature below the destructive temperature to vitamins."

The application describes methods and apparatus for carrying out the methods of spraying a yeast-containing liquid upon toasted cereal foods for the purpose of supplying certain vitamins which, if placed in the cereal before it is toasted, would destroy the generating qualities of the yeast. While appellants have disclosed apparatus for carrying out the methods, the application contains no apparatus claims. The cereals, after spraying, are dried· at a temperature below 120° F. This temperature is important so as not to destroy the vitamins of the B and D group. After spraying, the cereal is passed through a drying operation where any excess moisture is removed, and again the temperature is not permitted to exceed 120° F.

Hoffman, Steenbock, Dass, Placak, and British patents Nos. 195,343 and 295,757, show that it is old to add vitamins to foodstuffs in general. The Patent Office tribunals concluded that it was not inventive to add the vitamin contained in yeast to cereals or breakfast food in view of what is shown by Steenbock who treated cereals for the purpose of imparting vitamins, and in view of the teachings of Dass, Placak, the two British patents Nos. 195,343 and 295,757, ' and the article on "Vital Factors of Foods," which show it to be a matter of general knowledge in the art to utilize yeast as a source of vitamin B. Claim 1 was rejected for the above reasons.

Claims 2 and 3, in addition to the above grounds of rejection, were rejected upon the ground that the utilization of a spray in the method of effecting impregna-

tion of the sprayed material was old in the Lauhoff and Reader patents.

The examiner also concluded that it was common knowledge that high temperature would destroy vitamins, and that if the vitamins contained in yeast were desirable in a food product, it would be necessary to keep the temperature below a point which was destructive of vitamin life, and that any one versed in the art of preparing food products could do all that appellants have done without the exercise of invention.

It is stated that the McKay patent and the British patent No. 10,927 were inserted in the record merely for the purpose of showing the present state of the art. The McKay patent shows one type of toasted ready-to-eat cereal, while the last-named British patent discloses a process of impregnating cereal flakes with various liquid materials.

Appellants argue for a coating rather than an impregnating. The patent to Lauhoff involving coating flakes states: "My invention contemplates taking cereal films or flakes, after their formation in any desired manner, and uniformly coating their exterior surfaces only with a suitable liquid applied to their exterior surfaces, as above stated, in the form of a mist or vapor or very finely atomized spray. The flakes are agitated or stirred or set in rapid motion as a flocculent mass while the vapor or atomized spray is being applied thereto, the flakes being so rapidly agitated that the moisture of the vapor will not be absorbed or the flakes become impregnated or saturated thereby. * * * It has heretofore been found impossible to exteriorly coat such flakes, inasmuch as should the flakes absorb the moisture or become impregnated or saturated therewith, the moisture applied thereto would cause them to be dissolved and reduced to the form of mush. The liquid applied may consist of melted sugar, a mixture of molasses and licorice, for example, or other analogous liquid substances, the coating substance consisting, preferably, of some sweetening material which may be flavored as desired and applied to the flakes, as above observed. The flakes so coated with a sweetening material form a delicious food or confectionery in themselves. * * *"

Lauhoff teaches that the operation should be rapid to prevent absorption or evaporation of the flakes of the coating liquid. Claim 5 of the patent reads: "5. As an article of manufacture unsaturated exteriorly coated thin cereal films or flakes."

It will be observed that the above claim reads broadly upon appellants' disclosure.

We agree with the Patent Office tribunals that the claims at bar define nothing inventive over the cited prior art. See In re Spohn et al., 77 F.(2d) 768, 22 C. C. P. A. (Patents) ——, and In re Spohn, 77 F.(2d) 770, 22 C. C. P. A. (Patents) ——, decided concurrently herewith.

The decision of the Board of Appeals is affirmed.

Affirmed.